NOT FOR PUBLICATION                                                                                  CLOSE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYS INN WORLDWIDE, INC, a Delaware Corporation,<br><br>        Plaintiff,<br><br>      v.<br><br>MEERA HOSPITALITY, LLC, an Illinois Limited Liability Company; NEAL PATEL, an individual; and ATUL KUMAR, an individual,<br><br>        Defendants. | **OPINION**<br><br>Civ. No. 16-1070 (WHW)(CLW) |

**Walls, Senior District Judge**

  Plaintiff Days Inns Worldwide, Inc. ("DIW") moves under Fed. R. Civ. P. 55 for default judgment against Defendants Meera Hospitality, LLC ("Meera Hospitality"), Neal Patel, and Atul Kumar (together, "Defendants"). DIW filed this action on February 25, 2016, alleging that Meera Hospitality breached a franchise agreement with DIW. DIW further alleges that Neal Patel and Atil Kumar served as guarantors of Meera Hospitality's performance under the agreement, that Meera Hospitality breached the agreement, and that Defendants owe DIW unpaid fees. Defendants have failed to plead or otherwise defend the lawsuit. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

  Plaintiff DIW is a corporation organized and existing under the laws of Delaware, with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant Meera Hospitality is a limited liability company organized and existing under the laws of Illinois, with its principal place of business at 1008 Halfway Road, Marion, Illinois. *Id.* ¶ 2.

Defendant Neal Patel is a member of Meera Hospitality and a citizen of the state of Illinois, with an address at 700 East Main Street, Carbondale, Illinois. *Id.* ¶ 3. Defendant Atul Kumar is also a member of Meera Hospitality and is a citizen of the state of Florida, with an address at 700 East Main Street, Carbondale, Illinois. *Id.* ¶ 4.

On December 5, 2012, DIW entered into a franchise agreement with Meera Hospitality for the operation of a 79-room Days Inn® guest lodging facility located at 1008 Halfway Road, Marion, Illinois, Site No. 47062-02806-01 (the "facility"). *See* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff."), ECF No. 8-3 ¶ 3; *see also* Franchise Agreement, ECF No. 8-3 Ex. A. DIW licensed the "distinctive 'Days Inn' System for providing transient guest lodging services" to Meera Hospitality. *Id.* Ex. A § 1. Meera Hospitality assumed multiple obligations under the franchise agreement. Under section 5 of the franchise agreement, Meera Hospitality was obligated to operate a Days Inn® guest lodging facility for a fifteen-year term. *See id.* Ex. A § 5. Under section 7, section 18.2, and Schedule C of the franchise agreement, Meera Hospitality was required to make certain periodic payments to DIW for royalties, system assessments, taxes, interest, reservation system user fees, and other fees (collectively, the "Recurring Fees"). *See id.* Ex. A §§ 7, 18.2, Schedule C. Meera Hospitality also agreed, under section 7.3 of the franchise agreement, that interest was payable "on any past due amount payable to [DIW] under this [Franchise] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." *Id.* Ex. A § 7.3.

Under section 3.6 of the franchise agreement, Meera Hospitality was required to prepare and submit monthly reports to DIW disclosing, among other things, the amount of gross room revenue earned by Meera Hospitality at the facility in the preceding month for purposes of

establishing the amount of royalties and other Recurring Fees due to DIW. *Id.* Ex. A § 3.6. Also under that section, Meera Hospitality agreed to maintain at the facility accurate financial information relating to the gross room revenue of the facility, including books, records, and accounts. *Id.* Meera Hospitality agreed to allow DIW to examine, audit, and make copies of the entries in these books, records and accounts. *Id.* Ex. A §§ 3.6, 4.8.

Section 11.2 of the franchise agreement provided that DIW could terminate the franchise agreement, with notice to Meera Hospitality, if Meera Hospitality (a) failed to pay any amount due DIW under the franchise agreement, (b) failed to remedy any other default of its obligations or warranties under the franchise agreement within 30 days after receipt of written notice from DIW specifying one or more defaults under the franchise agreement, and/or (c) received two or more notices of default under the franchise agreement in a one-year period, whether or not the defaults were cured. *Id.* Ex. A § 11.2. Under sections 12.1 and 18.1 of the franchise agreement, Meera Hospitality also agreed that, in the event of a termination of the franchise agreement under section 11.2 before the last two years of the franchise agreement, it would pay liquidated damages to DIW at a rate of $1,000.00 per guest room Meera Hospitality was authorized to operate in the facility. *Id.* Ex. A §§ 12.1, 18.1. Meera Hospitality also agreed, under section 17.4 of the franchise agreement, that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement." *Id.* Ex. A § 17.4.

Effective as of the date of the franchise agreement, Defendants Patel and Kumar provided DIW with a guaranty of Meera Hospitality's obligations under the franchise agreement. *See id.* Ex. B. Under the terms of the guaranty, Defendants Patel and Kumar agreed, among other things, that upon a default under the franchise agreement, they would "immediately make each

3

payment and perform or cause [Meera Hospitality] to perform, each unpaid or unperformed obligation of [Meera Hospitality] under the [Franchise] Agreement." *Id.* Defendants Patel and Kumar also agreed, under the terms of the guaranty, to pay the costs, including reasonable attorneys' fees, incurred by DIW in enforcing its rights or remedies under the guaranty or the franchise agreement. *Id.*

On November 5, 2014, DIW advised Meera Hospitality by letter that (a) it was in breach of the franchise agreement because it owed DIW approximately $55,605.78 in outstanding Recurring Fees, (b) it had 30 days in which to cure this monetary default, and (c) if the default was not cured, then the franchise agreement might be subject to termination. *See id.* Ex. C. On February 5, 2015, DIW advised Meera Hospitality by letter that (a) it was in breach of the franchise agreement because it owed DIW approximately $67,824.28 in outstanding Recurring Fees, (b) it had 30 days in which to cure this monetary default, and (c) if the default was not cured, then the franchise agreement might be subject to termination. *See id.* Ex. D. On April 8, 2015, DIW advised Meera Hospitality by letter that (a) it was in breach of the franchise agreement because it owed DIW approximately $74,460.51 in outstanding Recurring Fees, (b) it had 30 days in which to cure this monetary default, and (c) if the default was not cured, then the franchise agreement might be subject to termination. *See id.* Ex. E. By letter dated June 30, 2015, DIW terminated the franchise agreement, effective June 30, 2015, and advised Meera Hospitality that it was required to pay DIW a sum of $79,000.00 in liquidated damages, as required by the franchise agreement, as well as all outstanding Recurring Fees through the date of termination. *See id.* Ex. F.

Because Defendants never paid those amounts, DIW filed the complaint in this matter on February 25, 2016. ECF No. 1; Certification of Bryan P. Couch in Supp. of Mot. for Final J. ("Couch Cert."), ECF No. 8-2 ¶ 3.

On June 3, 2013, DIW forwarded the summons and complaint to Recon Management Group to effectuate personal service upon Defendants. Couch Cert. ¶ 4. The summons and complaint were served upon Defendant Meera Hospitality on April 19, 2016. *Id.* ¶ 5; ECF No. 5. The summons and complaint were served upon Defendant Neal Patel on April 26, 2016. Couch Cert. ¶ 6; ECF No. 5. Despite diligent effort and inquiry, Recon Management Group has been unable to locate Defendant Atul Kumar. Couch Cert. ¶ 7. By letter dated May 26, 2013, DIW served Defendant Kumar with a copy of the summons and complaint via certified and regular mail under New Jersey Court Rule 4:4-4(b)(1)(C). *Id.* ¶ 8.

The time in which Defendants had to answer or otherwise respond to the complaint expired, and Defendants have not answered or otherwise moved. *Id.* ¶ 9. The Clerk of the Court entered default against Defendants on June 30, 2016 for their failure to plead or otherwise defend this action. *Id.* ¶ 10. By letter dated June 30, 2016, DIW served a copy of the default upon Defendants. *Id.* Ex. C. DIW performed a search for Neal Patel in the data banks of the Department of Defense Manpower Data Center to determine whether Mr. Patel was currently in the military service of the United States or its allied nations, and returned no records as of July 6, 2016. *Id.* ¶ 14; *see also* Couch Cert. Ex. D. DIW performed a search for Atul Kumar in the data banks of the Department of Defense Manpower Data Center to determine whether Mr. Kumar was currently in the military service of the United States or its allied nations, and returned no records as of July 6, 2016. Couch Cert. ¶ 14; *see also* Couch Cert. Ex. E.

DIW moved for default judgment against Defendants on July 20, 2016. ECF No. 8. DIW seeks recurring fees in the amount of $112,689.35 inclusive of interest (calculated at the rate of 1.5% per month under section 7.3 of the franchise agreement) against Defendants. *See* Fenimore Aff. Ex. G (itemized statement of Recurring Fees). DIW also seeks liquidated damages in the

amount of $79,000.00, representing $1,000 for each of the 79 rooms Meera Hospitality was authorized to operate at the facility, as authorized by sections 12.1 and 18.1 of the franchise agreement; as well as interest in the amount of $14,882.72 (calculated at the rate of 1.5% per month). Fenimore Aff. ¶¶ 25-27; *see also id.* Ex. H (itemized statement of amounts allegedly due). Defendants have not opposed or otherwise responded to this motion.

## STANDARD FOR DEFAULT JUDGMENT

When evaluating a motion for default judgment under Fed. R. Civ. P. 55, courts in the Third Circuit consider three factors: (1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A court must treat "the factual allegations in a complaint, other than those as to damages . . . as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). A court must also make "an independent inquiry into whether the unchallenged facts constitute a legitimate cause of action" and "must make an independent determination" regarding questions of law. *See Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) (citations omitted). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the

default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I.   Default Judgment is Appropriate

This action is based on the Defendants' breach of contract. The elements of such a claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, the parties entered into the franchise agreement and guaranty for the operation of a lodging facility. Defendants breached those contracts by failing to pay the Recurring Fees they owed DIW under the franchise agreement and failing to remedy the default of its obligations within 30 days of receipt of written notice from DIW. *See* Fennimore Aff. ¶¶ 9, 16-19. Damages flowed therefrom because DIW performed services without being compensated for them. DIW performed its own contractual obligations under the franchise agreement because it performed the services promised. *See* Fenimore Aff. Ex. G (itemizing the services DIW performed, for which it charged Meera Hospitality the recurring fees). DIW has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Under the *Chamberlain* factors, default judgment is appropriate. DIW will suffer prejudice if default is denied because it has already waited over a year since the breach of the franchise agreement to be paid the recurring fees and liquidated damages to which it is entitled. Defendants have not presented any facts or arguments to suggest they have a litigable defense for their breaches of contract. It is not clear if Defendants' failure to litigate is the result of willful or bad faith conduct, though they have failed to retain counsel in the six months since the filing of the

complaint. Having considered these three factors, the Court finds that default judgment is appropriate.

## II.     The Amount of Damages Is Satisfactorily Established

DIW seeks damages that include the Recurring Fees ($112,689.35 including interest calculated at 1.5% per month under section 7.3 of the franchise agreement), liquidated damages ($79,000.00 under sections 12.1 and 18.1 of the franchise agreement), and interest on the liquidated damages ($14,882.72, calculated at 1.5% per month). The Court has reviewed DIW's submissions and finds that these amounts accurately represent the amount Defendants owe DIW under the franchise agreement and guaranty. *See* Fenimore Aff. ¶¶ 20-28; *id.* Ex. G (Itemized Statement of Recurring Fees); *id.* Ex. H (itemized statement of amounts allegedly due.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants Meera Hospitality, LLC, Neal Patel, and Atul Kumar in the total amount of $206,572.07. An appropriate order follows.

DATE: 10 August 2016

William H. Walls
Senior United States District Court Judge